IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| VICTORIA GALANTI,<br><br>               Plaintiff,<br>v.<br><br>JAMES MILLER DMD and JAMES MILLER,<br><br>               Defendants. | Case No.: 3:22-cv-01674-AN<br><br>OPINION AND ORDER |

      Plaintiff Victoria Galanti brings this action against defendants James Miller DMD ("Miller DMD") and Defendant James Miller ("Miller"), alleging disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, disability discrimination under ORS 659A.112, failure to accommodate under 42 U.S.C. § 12112(5)(a) and ORS 659A.112 & 659A.118, whistleblowing discrimination under ORS 659A.199, retaliation under ORS 659A.030(1)(f), and wrongful discharge under ORS Chapter 659A. Pursuant to Federal Rule of Civil Procedure 56, defendants filed this Motion for Summary Judgment Against All Claims based on lack of subject matter jurisdiction. After reviewing the parties' pleadings, the Court finds that oral argument will not help resolve this matter. Local R. 7-1(d). For the reasons set forth below, defendants' Motion for Summary Judgment is GRANTED.

## LEGAL STANDARD

      Summary judgment is warranted when there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. *Mayes v. WinCo Holdings, Inc.*, 846 F.3d 1274, 1277 (9th Cir. 2017). The evidence is viewed "in the light most favorable to the non-moving party." *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc).

## BACKGROUND

      Given the narrow focus of this motion for summary judgment, a detailed explication of this case's background is unnecessary. Defendant Miller is the owner of Miller DMD, a dental office. Plaintiff

1

was employed by Miller as a dental hygienist at Miller DMD from April 6, 2021, until April 29, 2021, when she was terminated. Plaintiff had not received the COVID-19 vaccination because she was diagnosed with complex post-traumatic stress disorder, which caused her to experience adverse reactions to injections. Plaintiff informed Miller of her medical issues in April 2021 when he asked her to obtain the vaccination. In sum, plaintiff contends that she was terminated because she refused to get a COVID-19 vaccination.

When plaintiff brought suit, she alleged that the Court had subject matter jurisdiction because it had federal question jurisdiction, 28 U.S.C. § 1331, over plaintiff's ADA claim, and supplemental jurisdiction, 28 U.S.C. § 1367, over plaintiff's state law claims.

## DISCUSSION

Federal courts are courts of limited jurisdiction and must have subject matter jurisdiction to preside over claims. There are three common bases for subject matter jurisdiction: (1) Federal question jurisdiction under 28 U.S.C. § 1331 for "all civil actions arising under the Constitution, laws, or treaties of the United States"; (2) diversity jurisdiction over civil actions under 28 U.S.C. § 1332(a) where the "matter in controversy exceeds the sum or value of $75,000" and the action is between "citizens of different states"; and (3) supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a), if the state law claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

Here, defendants argue that the Court lacks subject matter jurisdiction because defendant Miller DMD is not subject to the ADA because the corporation does not meet the Act's definition of an employer. Under the ADA, an employer is "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year[.]" 42 U.S.C. § 12111(5)(A). In support of this argument, defendants submitted two exhibits: (1) A sworn affidavit by the licensed tax consultant from the third-party payroll company that processes defendant DMD's payroll, stating that, in April 2021, defendant DMD had six employees; and (2) a copy of defendant DMD's federal quarterly tax return dated April 21, 2021, showing that five employees received

pay for that quarter. *See* Decl. of Jennifer O'Halloran at 2 ¶ 3, Ex. 1, & Ex. 2. Plaintiff does not dispute that defendant DMD is not subject to the ADA.

Based on the evidence provided, and plaintiff's inability to dispute that evidence, it is clear that defendant Miller DMD did not employ fifteen or more employees during plaintiff's tenure and is not subject to the ADA. Thus, plaintiff's claims under the ADA must be dismissed. Therefore, Count One (disability discrimination) and Count Three (Failure to Accommodate) of Plaintiff's Complaint are dismissed.

Plaintiff's only remaining claims fall under Oregon state law. When a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3). If the federal claims are dismissed before trial, the district court must consider "judicial economy, convenience, fairness, and comity" to determine whether exercising supplemental jurisdiction over the remaining state law claims is appropriate. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Usually, those factors "will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.*

Although plaintiff urges the Court to exercise its supplemental jurisdiction over the remaining state law claims, doing so is not warranted. This case is still in the early stages of litigation: The action was filed only six months ago, a trial date has not been set, discovery has not begun, and defendants' motion for summary judgment is the first dispositive filing in this case. *See id.* at 350 ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of [supplemental] jurisdiction . . . ." (Footnote omitted.)). Therefore, the Court declines to exercise its discretion to assert supplemental jurisdiction over plaintiff's remaining state law claims.

## CONCLUSION

Accordingly, Defendants' Motion for Summary Judgment, ECF [9], is GRANTED. Count One of the Complaint, disability discrimination under 42 U.S.C. § 12112, and Count Three, Failure to Accommodate under 42 U.S.C. § 12112(5)(a), are DISMISSED with prejudice. All remaining counts in

the complaint are DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this 3 day of May, 2023.

Adrienne Nelson
United States District Judge